**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. LARENZO WILDER, Defendant. | No. 15-CR-2041-LRR **ORDER** |

_____

## *I. INTRODUCTION*

This matter is before the court after issues were raised during Defendant Larenzo Wilder's sentencing hearing in the above-captioned case. The court finds as follows.

## *II. RELEVANT PROCEDURAL BACKGROUND*

On December 15, 2015, the court accepted Defendant's plea of guilty to one count of possession of a firearm and ammunition by an unlawful user of controlled substances in violation of 18 U.S.C. § 922(g)(3). *See* December 15, 2015 Order (docket no. 37). On February 23, 2016, Defendant appeared before the court for a sentencing hearing. *See* February 23, 2016 Minute Entry (docket no. 47). In the Presentence Investigation Report ("PSIR"), the United States Probation Office computed Defendant's base offense level as 20, under United States Sentencing Guideline ("USSG" or "guidelines") § 2K2.1, after determining that Defendant had a prior conviction for a crime of violence, as defined at USSG § 4B1.2. *See* PSIR (docket no. 41) ¶ 19. Defendant objected to the scoring of the base offense level. *Id.* At the sentencing hearing, the parties argued the issue of Defendant's base offense level and whether Defendant's 2013 aggravated misdemeanor conviction for interference with official acts—a violation of Iowa Code § 719.1(1)—constituted a crime of violence warranting a base offense level of 20 under the

guidelines. The court continued its sentencing disposition and took the matter under advisement. *See* February 23, 2016 Minute Entry.

## II. RELEVANT FACTUAL BACKGROUND

On September 27, 2013, Defendant was arrested in Black Hawk County following an altercation wherein Defendant refused an officer's commands to put his hands behind his back and attempted to flee on foot. When the officer caught up with Defendant, they "began wrestling." Government Exhibit 1 (docket no. 43-1). Defendant attempted to retreat from the officer and, in doing so, caused himself and the officer to tumble to the ground, causing the officer to sustain "abrasions to his arm." *Id.*

Defendant was charged by trial information with the aggravated misdemeanor of "interference with official acts - bodily injury," in violation of Iowa Code § 719.1(1). Government Exhibit 2 (docket no. 43-2) (formatting omitted). The trial information did not specify which provision of § 719.1(1) was applicable to Defendant. On November 13, 2013, Defendant filed a guilty plea, describing the charge as "interference with official acts causing injury." Government Exhibit 4 (docket no. 43-4) (formatting omitted). The same day, the Iowa District Court for Black Hawk County entered judgment, describing the charge as "interference w/ official acts causing bodily injury." Government Exhibit 3 (docket no. 43-3) (formatting omitted). Neither the guilty plea nor the judgment specified which provision of § 719.1(1) Defendant pled guilty to.

## III. ANALYSIS

USSG § 2K2.1(a)(4)(A) sets a base offense level of 20 for any defendant who commits a given firearm offense "subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." *U.S. Sentencing Guidelines Manual* § 2K2.1(a)(4)(A) (U.S. Sentencing Comm'n 2015). A crime of violence is an offense that is punishable by imprisonment of over one year and "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.*

§ 4B1.2. Where a criminal statute has multiple provisions with different elements, the question of whether a violation of the statute is a crime of violence requires the court to look beyond the statutory definition to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information" (hereinafter referred to as "*Shepard* documents"). *See Shepard v. United States*, 544 U.S. 13, 26 (2005). A district court's factual determination of what crime a defendant was previously convicted of must be supported by a preponderance of the evidence. *See United States v. Twiggs*, 678 F.3d 671, 674 (8th Cir. 2012).

The trial information and written guilty plea make clear that Defendant was convicted of an aggravated misdemeanor violation of § 719.1(1). *See* Government Exhibit 2 (trial information identifying the violation as an aggravated misdemeanor); Government Exhibit 4 (written guilty plea reflecting that the maximum penalties for the offense include "2 years in prison"). In Iowa, aggravated misdemeanors are punishable by up to two years imprisonment. *See* Iowa Code § 903.1(2) (defining the penalties for aggravated misdemeanors). Because the offense is punishable by imprisonment of over one year, whether the offense is a crime of violence depends on whether the provision of § 719.1(1) that Defendant pled guilty to required proof of "the use, attempted use, or threatened use of physical force." To answer this question, the court must first consider what provision of § 719.1(1) Defendant pled guilty to.

### A. Applicable Provision of § 719.1(1)

Section 719.1(1) defines five methods for interfering with official acts. As an initial matter, the court finds that Defendant was convicted of either § 719.1(1)(c) or § 719.1(1)(d), which are the only two provisions of the statute describing aggravated misdemeanors. Although the criminal complaint states that Defendant violated "719.1(1b)," it was apparently written in error. In the version of the statute in effect

3

during Defendant's 2013 arrest and conviction,[1] § 719.1(1)(b) describes a serious misdemeanor. However, as noted above, the subsequently filed trial information and guilty plea make clear that Defendant was charged with and pled guilty to an aggravated misdemeanor. Further, even though the criminal complaint suggested a violation of § 719.1(1)(b), it still recognized that Defendant was being accused of an aggravated misdemeanor. *See* Government Exhibit 1 (assigning case number "AGCR 194073" where "AGCR" designates an aggravated misdemeanor). Therefore, the court concludes that the criminal complaint was written in error and that § 719.1(1)(b) is not the provision that Defendant was charged with or pled guilty to. The court will proceed to determine whether Defendant pled guilty to § 719.1(1)(c) or § 719.1(1)(d), since these provisions are the only aggravated misdemeanors defined by the statute.

Section 719.1(1)(c) makes it an aggravated misdemeanor to "commit[] interference with official acts . . . which results in serious injury." *See* Government Exhibit 5. Section 719.1(1)(d) makes it an aggravated misdemeanor to "commit[] interference with official acts . . . and in so doing inflict[] bodily injury other than serious injury." *See id.* Defendant argues that "it is not possible to determine which [provision] he pled to" because they are both aggravated misdemeanors under § 719.1(1) and the *Shepard*

---

[1] The parties provide great detail about the various revisions to § 719.1 that occurred in 2013. However, they appear to agree that the applicable version of the statute is the one submitted as Government Exhibit 5 (docket no. 48), which was in effect during Defendant's arrest in September of 2013 and during his conviction in November of 2013. *See* Government Exhibit 5 (reflecting the version of the statute effective from July 1, 2013 through June 30, 2014); *see also* Defense Exhibit C (docket no 44-1) (reflecting a "technical correction" version of the statute identical to the version submitted as Government Exhibit 5). The court finds the version of the statute filed as Government Exhibit 5 to be the version relevant to this matter. As such, all references to the statute and its subsections in this order correspond with the statute as filed as Government Exhibit 5.

4

documents fail to indicate the relevant subsection.  *See* PSIR (docket no. 41) ¶ 47 (Defendant's objection).

Although the specific provision of § 719.1(1) is not mentioned, the *Shepard* documents state that Defendant interfered with official acts "causing injury" or "causing bodily injury." *See* Government Exhibits 1, 3, 4.  Defendant argues that such designations are meaningless because that phrase "causing bodily injury" does not appear in either of the provisions defining an aggravated misdemeanor.  *See* PSIR ¶ 47.  While it is true that "causing bodily injury" does not appear in either relevant provision, the court does not find such descriptions within the *Shepard* documents to be meaningless.  Particularly, the court finds it relevant that both the trial information and the judgment—the only two *Shepard* documents signed by a judge—refer specifically to "bodily injury."  *See* Government Exhibits 2, 3; *see also Twiggs*, 678 F.3d at 675 (implying that a judgment's description of a conviction is "not . . . subject to debate" when signed by a judge). Further, and more convincingly, the trial information explicitly alleges that Defendant "knowingly resisted . . . a peace officer . . . and *inflicted bodily injury*," closely tracking the language used in § 719.1(1)(d).  Government Exhibit 2 (emphasis added).  On the other hand, none of the documents refer to "serious injury," which is a necessary element of § 719.1(1)(c).  Thus, Defendant's insistence that "it is not possible" to determine whether Defendant was convicted of § 719.1(1)(c) or § 719.1(1)(d) ignores the reality that the *Shepard* documents borrowed language from § 719.1(1)(d) but borrowed nothing from § 719.1(1)(c).

Additionally, the court recognizes that the term "causing," while not included in § 719.1(1)(d), is synonymous with that provision's chosen term of "inflicts."  *See United States v. Malloy*, 614 F.3d 852, 860 (8th Cir. 2010) (analyzing the wording of § 719.1(1) and recognizing that "'[i]nflict' means '[t]o cause or carry out by aggressive action, as physical assault'" (second alteration in original) (quoting *Webster's II New College*

*Dictionary* 568 (2001))). Therefore, the *Shepard* documents include three indicators pointing firmly to the conclusion that Defendant pled guilty to § 719.1(1)(d)—he pled to an aggravated misdemeanor, it involved "bodily injury" and was described using a synonym for "inflicting"—while only one indicator bears any possibility that Defendant pled guilty to § 719.1(1)(c)—he pled to an aggravated misdemeanor. The court finds these observations to strongly support the conclusion that Defendant pled guilty to § 719.1(1)(d).

Notwithstanding the way the offense was labeled in the various *Shepard* documents, Defendant argues that the facts underlying his guilty plea—as appearing in the complaint and referenced in the minutes of testimony appearing in the trial information—would not support a conviction under § 719.1(1)(d), and that it must therefore be presumed that Defendant pled guilty to § 719.1(1)(c). *See* Defendant's Sentencing Memorandum (docket no. 44) at 4. The facts included in the complaint reflect that Defendant wrestled with an officer, pulled away from the officer and "attempted to push past" the officer, causing the officer to fall to the ground. *See* Government Exhibit 1. Defendant cites to Iowa case law that a conviction for a violation of § 719.1(1) that includes an infliction of bodily injury must involve "some affirmative action . . . directed at the officer." Defendant's Sentencing Memorandum at 4 (quoting *State v. Dudley*, 810 N.W.2d 533, No. 11-0413, 2012 WL 170738, at *5 (Iowa Ct. App. Jan. 19, 2012) (unpublished table decision)). Under this rubric, the court finds that the facts described in the complaint adequately reflect affirmative actions by Defendant directed at the officer—namely, that he wrestled with and attempted to push past the officer. Therefore, the facts included in the *Shepard* documents further support a conclusion that Defendant pled guilty to § 719.1(1)(d).

Accordingly, the court finds by a preponderance of the evidence that Defendant pled guilty to § 719.1(1)(d).

### B. *Assessment of § 719.1(1)(d) Under USSG § 4B1.2*

Having determined that Defendant's 2013 conviction for interference with official acts was a violation of § 719.1(1)(d), the court further concludes that such conviction is a crime of violence as defined by USSG § 4B1.2. The Eighth Circuit has previously determined that a violation of § 719.1(1) involving "infliction of bodily injury" is a crime of violence under the guidelines. *See Malloy*, 614 F.3d at 860 (examining a prior version of the statute, but specifically addressing a violation wherein the defendant had "inflicted bodily injury" under the statute). Because § 719.1(1)(d), as effective at the time of Defendant's arrest and conviction, is functionally identical to the version of the statute analyzed in *Malloy*, the court finds that Defendant's conviction under § 719.1(1)(d) is a crime of violence as defined by the guidelines.

### IV. CONCLUSION

In light of the foregoing, the court finds that the PSIR accurately reflects Defendant's base offense level as 20.

**IT IS SO ORDERED**.

**DATED** this 9th day of March, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA